IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:03CV285-03-MU

| | |
|---|---|
| JONATHON B. MALLWITZ,           )<br>                                                        )<br>           Plaintiff,             )<br>                                                        )<br>           v.                        )<br>                                                        )<br>Lt. EDDIE LANCE; BONNIE       )<br>STEVENSON; JONATHAN (CHRIS) )<br>McCALL.                           )<br>                                                        )<br>           Defendants.          )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on the Court's own motion. A review of the record reflects that this case is set for jury trial on November 14, 2005 at 10:00 a.m.; accordingly, the parties hereby are placed on notice of the following matters:

### I. JURY SELECTION

Jury selection for all cases scheduled to be tried on November 14, 2005 will be conducted following the Calendar Call on Monday, November 14, 2005.

### II. TRIAL PROCEDURES AND RELATED DUTIES OF PARTIES

**1. Trial Order**

All cases are subject to being called for trial when reached, regardless of their position on the trial calendar. For this reason, both parties should be ready to begin opening statements and the presentation of evidence as early as 10:00 a.m. on November 14, 2005.

If either party discovers a <u>serious</u> objection to trial. Which such believes warrants a continuance, please notify the Clerk's Office in writing as soon as possible.

**2. Subpoenas**

In preparation for trial, both parties are ordered to subpoena all witnesses immediately upon receipt of this Pretrial Order. No party should seek issuance of a subpoena any later than ten (10) business days before November 14, 2005.

**3. Proposed Jury Instructions**

The parties are required to submit and file with the Clerk of Court proposed jury instructions by October 11, 2005 at 4:30 p.m. (Although not required, the Court prefers that proposed instructions also be submitted on disk.) Additional instructions may be submitted during the trial as circumstances may require. The parties shall number each proposed instruction and shall submit each proposed instruction on a separate page. Each proposed instruction shall contain a supporting citation(s) as a footnote.

**4. Jury Voir Dire**

The parties will not be required to submit voir dire requests in this matter. However, should the parties choose to do so, they will be considered by the Court. The Court shall conduct jury voir dire. The parties will be given a limited opportunity to conduct additional voir dire, subject to the Court's supervision for reasonableness and relevance.

**5. Required by First Day of Trial**

No later than the morning of the first day of trial, each party shall file with the courtroom deputy clerk an original and four (4) copies of the following:

(a) A witness list containing the name of every proposed witness;

(b) A statement of the education, experience, and qualifications of each expert **witness;**

(c) Stipulations of fact, if any, and

(d) An exhibit list.

### 6. Exhibit Notebooks

If either party intends to tender more than fifteen (15) documentary exhibits, that party shall prepare four (4) identical notebooks, or sets of exhibit notebooks. Each exhibit notebook or set of same shall contain an index of the exhibits and a copy of each exhibit. The parties shall tab each exhibit and shall numerically arrange each exhibit notebook.

Four (4) identical notebooks are necessary so that each witness and court personnel each have an exhibit notebook for use during trial testimony and review.

### 7. Format for Exhibit List

In preparing the exhibit list, the parties shall separately identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings in the exhibit list:

Exhibit #   Description   Identified by   Admitted

### 8. Publishing Documents to the Jury

With regard to any documents which are intended for publication to the jury, the parties are expected to provide a sufficient number of copies for each juror, the opposing party and/or counsel, the Court, and an original for filing. If the number of documents that a party intends to publish exceeds fifteen (15), such party shall prepare exhibit notebooks as described at item six above.

### 9. Assessment of Jury Costs

Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all trial costs, including jurors' fees, Marshall fees, milage reimbursement, and per diem fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full

business day prior to the date on which the action is scheduled for trial, or the parties establish good cause why the Court should not assess such costs against them. When any civil jury trial is settled at trial, but in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

**10. Presentation of Judgments/Orders**

When presenting judgments or orders for the trial judge's signature, parties and/or counsel are required to show that the opposing party and/or counsel has received a copy, and to submit the original and two (2) copies for the use of the Court. Upon entry of judgment, the Clerk of Court will mail the filed copies to the parties.

**11. Special Provisions for Pro Se Plaintiff**

Pursuant to the Writ of Habeas Corpus Ad Testificandum dated August 26, 2005, Plaintiff should be transported from Avery Mitchell Correctional Facility to Charlotte, North Carolina no later than November 14, 2005 at 9:30 a.m.

Plaintiff is directed immediately to inform the Court if the Court needs to assist him in preparation for trial. However, any assistance the Court can provide is limited to matters set forth within this Pretrial Order. Under the circumstances as they now exist, the Court does not have authority to appoint counsel for the Plaintiff.

Finally, it is also ordered that, within ten (10) days of the date of this Pretrial Order, Plaintiff must provide the Court with a list of witnesses (and an outline of their potential testimony) who are unable to attend the trial by virtue of their incarceration, but would be willing to give a sworn statement on Plaintiff's behalf. The Court will then ask those witnesses to provide a sworn statement. Plaintiff must include names, inmate numbers, and address of facility where witness is housed.

### III Failure to Comply

Both parties are expected to comply with the provisions of the instant Pretrial Order.

**PLAINTIFF, DEFENDANTS AND COUNSEL ARE ADMONISHED THAT FAILURE TO COMPLY WITH THE SUBJECT DEADLINES WILL RESULT IN AN IMPOSITION OF SANCTIONS**.

**Signed: September 8, 2005**

Graham C. Mullen
Chief United States District Judge