IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:03CV285-03-MU

| | |
|---|---|
| JONATHAN B. MALLWITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| JOHN DOE, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on plaintiff's motion for discovery, motion for reconsideration, motion for appointment of counsel and request for a change of venue, filed on September 16, 2005, (Document No. 30).

Plaintiff re-filed his request for voluntary discovery requesting the "names of the detainess/inmates housed upon or within the month of March 20, 2001 & names of the trustees that were asign at that time. 'Copies of the phots identitys.'" In response, Defendants submitted a log of entries identifying all those booked into the jail during the month of March 2001. Plaintiff claims that this information is not what he requested because these inmates have been housed in county jail way before March 20, 2001. The Court notes that while the list may include inmates housed prior to March 20, 2001, the list also provides a date in and a date out column, so it is not difficult to narrow down what inmates were brought into custody on March 20, 2001. However, the response does not address the names of the trustees assigned on March 20, 2001. Plaintiff claims that the trustee assigned when he was booked into custody was a witness to the alleged assault. Plaintiff believes the name of the trustee who witnessed the assault was Mr. Blackwell.

This request is not unreasonable and the Court orders Defendants to provide that information to the Plaintiff within ten days.  The request to include photo identification of the trustees and or the inmates housed in the county jail on March 20, 2001 is unreasonable and this Court will not compel Defendants to do so.

Next, Plaintiff again requests this Court to appoint counsel to help Plaintiff with this case.  Once again, the Court must deny this request.  Appointment of counsel under § 1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary.  Whisenant v. Yuan, 739 F.2d 160, 163 (4th Cir. 1984).  Counsel should be appointed in "exceptional circumstances."  Id.; Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975).  The existence of "exceptional circumstances" depends upon two factors: type and complexity of case and ability of pro se litigant to present case.  Whisenant, 739 F.2d at 163.  First, this case is not a complex case.  Second, at this time, the Plaintiff is adequately representing himself.

Next, Plaintiff asks this Court to reconsider its previous order, (Document Number 27), denying his request to have two witnesses who are in custody testify on his behalf.  Plaintiff complains that the first witness, Wayne Pittman, needs to testify because he knows of other prisoners who could testify as witnesses.  Also, Plaintiff states that he does not have Mr. Pittman's inmate number.  As to Chad Johnson, Plaintiff does not know where he is being housed or what inmate number is assigned to him.

For the reasons stated in the Court's previous order, Plaintiff's motion to have incarcerated witnesses testify in person on his behalf is denied.  However, this Court orders Defendants to provide Plaintiff with the inmate numbers for Mr. Wayne Pittman and Mr. Chad Johnson as well as the location where they are being housed within 10 days of the date of this Order.  Plaintiff is reminded that he must present an outline of the potential testimony for each

witness who would be willing to provide a sworn statement on his behalf. The Court will then ask each witness to provide a sworn statement to the Court.

Finally, Plaintiff asks that the Court hear this case in Asheville, where Plaintiff originally filed the Complaint. Plaintiff states that his mother, who can testify to such facts as the mark left of Plaintiff's body by the Defendants, cannot travel to Charlotte due to medical problems. While this Court is sympathetic to Plaintiff's mother's medical problems, Judge Mullen hears cases in both Asheville and Charlotte, which are both in the Western District of North Carolina. This case has been pending since 2003 and the Court has scheduled it for November 14, 2005 when it has also scheduled other trials. Due to the heavy criminal and civil caseloads of the Court, this case will be heard on November 14, 2005 in Charlotte.

**IT IS ORDERED**:

1. That Plaintiff's motion to compel discovery is granted in part and denied in part. Defendants shall provide a list of trustees assigned on March 20, 2001, in response to Plaintiff's discovery request within ten (10) days from the date of this Order. The request to compel Defendants to provide photo identifications of the trustees and/or inmates housed in the county jail on March 20, 2001 is denied.

2. Plaintiff's motion for appointment of counsel is denied.

3. Plaintiff's motion for reconsideration of its prior order (document Number 27) is denied. Defendants shall provide the inmates numbers for Mr. Wayne Pittman and Mr. Chad Johnson as well as the locations where they are being housed within ten (10) days of the date of this Order.

4. Plaintiff's request to change the venue for trial from Charlotte to Asheville is denied.

**Signed: September 19, 2005**

Graham C. Mullen
Chief United States District Judge